**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAURA LEE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO.  06-1155** |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM ORDER**</u>

**AND NOW**, on this ___ day of January 2008,  upon consideration of Plaintiff's Motion for

Summary Judgment Against Defendant Peter Lunn for Battery under Pennsylvania Common Law

(Doc. 18) and Defendant Peter Lunn's Response (Doc. 21), **IT IS HEREBY ORDERED AND**

**DECREED** that Plaintiff's Motion (Doc. 18) is **GRANTED**.

Plaintiff moves for summary judgment as to liability for the battery claim asserted against

Defendant Lunn.  Plaintiff contends that Defendant Lunn's second degree misdemeanor conviction

of indecent assault upon Plaintiff conclusively establishes the facts necessary to prove battery under

the doctrine of collateral estoppel.  Collateral estoppel, or more generally issue preclusion, bars a

party from relitigating in a subsequent proceeding an issue decided in a prior action even where the

other litigants in the subsequent proceeding were not parties to the prior action.  <u>Szehinskyj v. AG of</u>

<u>the United States</u>, 432 F.3d 253, 255 (3d Cir. 2005).  Federal courts must accord state court decisions

the same preclusive effect that those decisions would be given in the courts of the state rendering the

decision.  <u>Del. River Port Auth. v. Fraternal Order of Police,  Penn-Jersey Lodge 30</u>, 290 F.3d 567

(3d Cir. 2002).  Under Pennsylvania law, collateral estoppel applies where (1) the issue decided in

the prior action was identical to the issue in the subsequent vase, (2) there was a final judgment on

the merits, (3) the party against whom collateral estoppel is asserted was a party or in privity with a

party to the prior action; and (4) the party in the prior action had a full and fair opportunity to litigate the issue in question. Walker v. Walker, 385 F.3d 321, 337 (3d Cir. 2004).

Here, Defendant Lunn was convicted of second degree misdemeanor indecent assault in a prior criminal proceeding.  First, Defendant argues that under Pennsylvania law, his conviction does not have preclusive effect.  It is well-established that Pennsylvania courts do not give preclusive effect to all criminal convictions; generally, no preclusive effect is given to convictions for "relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import." Hurtt v. Stirone, 206 A.2d 624, 627 (Pa. 1965).  In such cases, preclusive effect attaches only where "the party bound by the prior determination had adequate incentive to contest the issue and an adequate forum in which to litigate." Folino v. Young, 568 A.2d 171, 173 (Pa. 1990).  Defendant claims that he did not have incentive to contest the charge of indecent assault because he was motivated by "expediency and convenience, rather than guilt."  At trial, Defendant, who was represented by counsel, did not present any witnesses or evidence, other than his own testimony, to contradict Plaintiff's contentions.   Defendant was convicted and sentenced to six months probation. Defendant appealed but eventually  abandoned the appeal because he believed that the "modest probationary sentence offered did not warrant the cost of an appeal and jury trial" and he was unaware that Plaintiff intended to file a civil action against him.  Def't Lunn's Response at 1.

The Court finds Defendant's arguments unpersuasive.  Defendant cannot rely on the unsuccessful results of his chosen trial strategy.  As stated above, Defendant was represented by counsel at his bench trial for the charge of indecent assault.  While Defendant presented no witnesses, he did testify.  Also, Defendant had available to him the option of pleading guilty.  That Defendant chose to go forward with a trial, retained counsel to assist in the matter, and testified at the trial all evidence his incentive to contest his charge.   Defendant does not dispute that his bench

trial provided an adequate forum.  Thus, because Defendant had the opportunity and incentive to

litigate his indecent assault charge and an adequate forum in the form of a bench trial, preclusive

effect attaches to his conviction provided that the other elements for same are met.

Next, Defendant claims that second degree misdemeanor indecent assault and common law

battery are not identical issues for purposes of issue preclusion.  The Court disagrees.  Pennsylvania

criminal law defines second degree misdemeanor indecent assault as follows:

> (a) A person is guilty of indecent assault if the person has indecent contact with the
>
> complainant, causes the complainant to have indecent contact with the person or
>
> intentionally causes the complainant to come into contact with seminal fluid, urine,
>
> or feces for the purpose of arousing sexual desire in the person or the complainant
>
> and;
>
> > (1) the person does so without the complainant's consent.

18 PA. CONST. STAT. § 3126(a)(1); see also 18 PA. CONST. STAT. § 3107 (defining "indecent

contact" as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of

arousing or gratifying sexual desire, in either person").  Under Pennsylvania common law, a battery

is (1) a harmful or offensive contact with a person, (2) resulting from an act intended to cause the

plaintiff or a third person to suffer such a contact and (3) undertaken without the plaintiff's consent.

Herr v. Booten, 580 A.2d 1115, 1117 (Pa. Super. Ct. 1990); Levenson v. Souser, 557 A.2d 1081,

1088 (Pa. Super.  Ct. 1989), alloc. denied, 571 A.2d 383 (Pa. 1989).  Contact is deemed offensive

when it would offend a reasonable person's personal sense of dignity. Herr, 580 A.2d at 1117.

Second degree misdemeanor indecent assault is a battery; it requires proof that the defendant

intended to cause a non-consensual indecent contact.  See id. (stating that the tort of battery is

essentially "the unpermitted and intentional invasion of the inviolability of [the plaintiff's] person").

The requisite intent for the crime of second degree misdemeanor indecent assault and the tort of battery are the same; the defendant must desire to bring about the consequences of his actions—i.e., the offensive contact.  See 18 Pa. Const. Stat. § 3126(a) (stating that one is guilty of second degree misdemeanor indecent assault where one causes unwanted contact with another for the purpose of eliciting a sexual response); Friter v. Iolab Corp., 607 A.2d 1111, 1115 (Pa. Super. Ct. 1992) (stating that for the tot of battery, the defendant must have intend to cause the other to experience a contact "which the other would reasonably regard as offensive").  An indecent assault is an offensive contact because the contact occurs without the victim's consent and thereby invades the victim's sense of personal dignity.  Herr, 580 A.2d at 1117.  Defendant has been convicted of second degree misdemeanor indecent assault and therefore has already been adjudged to have committed a battery.

Having found that Defendant Lunn's second degree misdemeanor indecent assault conviction has preclusive effect under Pennsylvania law, the Court concludes that Defendant Lunn's liability for the tort of battery has been conclusive established and grants Plaintiff's Motion for Summary Judgment Against Defendant Peter Lunn for Battery under Pennsylvania Common Law (Doc. 18).

**IT IS FURTHER ORDERED** that with respect to Plaintiff's battery claim, Plaintiff and Defendant Lunn shall proceed at trial on the issue of damages only.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

**_____**

**Hon. Petrese B. Tucker, U.S.D.J.**